Beck, Respondent, vs. Beck Investment Company and another, Appellants.

*May 20—June 22, 1946.*

2

*William E. Burke* of Milwaukee, for the appellants.

*Roy R. Stauff* of Milwaukee, for the respondent.

RECTOR, J.    The only question in this case is whether the finding of the trial court as to the number of shares to which respondent was entitled is sustained by the evidence.

The appellants claim that the twenty-four shares of stock issued to respondent represented one half of the forty-eight shares to which she had subscribed and that she was entitled only to the other twenty-four shares.

The respondent claims, however, that while the written agreement with Shenners showed that he was entitled to retain one share of those due him, it was modified, and that she acquired his entire right to receive paid-up stock; that he was entitled to receive 8.33 shares in exchange for his claim of $833.33; that this amount, added to the 15.67 paid-up shares which she was entitled to receive in exchange for her claim of $1,566.67, totaled twenty-four shares; that the twenty-four shares which she was issued consisted of the one share for which Shenners had subscribed plus twenty-three of the forty-

eight shares for which she had subscribed; and that she was thereafter entitled to pay for and receive twenty-five of the forty-eight shares for which she had subscribed.

The evidence is not as clear as it could have been. Shenners testified only that he entered into the original agreement which reserved the one share to him, that he had been issued no stock by the company and had received no dividends or notices of election. It would have clarified the situation considerably had he been asked whether the written agreement reserving the one share to him had been subsequently modified. The respondent, Ida Beck, did not testify except in rebuttal and gave no testimony with respect to her agreement with Shenners.

It is undisputed that the twenty-four shares which were issued to the respondent were considered as paid-up shares. This is consistent only with the theory that the respondent had acquired Shenners' full interest at the time the shares were issued. Had she not done so—had Shenners then been entitled to one share—respondent would have been entitled to but twenty-three paid-up shares and should have been required to pay an additional $100 in order to complete payment for the twenty-four which were issued her. Moreover, John W. Beck testified that Shenners had not been issued a share of stock. He produced the original minutes of the meeting of subscribers on January 4, 1938, showing that the name of Russell A. Shenners had been stricken with a pencil mark, and he stated that after that date Shenners dropped out of the picture and the corporation's liability to Shenners was no longer recognized.

The court below was justified in finding that the corporation treated the twenty-four shares issued to Ida Beck as fully paid up; that it no longer considered Shenners entitled to receive a share after the twenty-four shares had been issued to her; and that the twenty-four shares were in discharge of the

corporation's obligation to issue paid-up shares to the respondent and to Shenners.

*By the Court.*—Judgment affirmed.